UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HAMMERMAN & GAINER, INC. | CIVIL ACTION NO. 9-1852 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| INTERMED CCS, INC. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is defendant's motion to transfer venue, Doc. # 5, under 28 U.S.C. 1404(a). This is a suit against the only defendant, a company that reviews workers compensation bills for reimbursement, claiming damages as a result of breach of contract. Plaintiff claims that it is subject to numerous suits because, acting on the advice of defendant, it underpaid certain workers compensation claims. The case was removed by defendant from state court.

Defendant argues that venue should be transferred to California for the convenience of the parties under 28 U.S.C. 1404(a). A transfer is within the court's sound discretion. Jarvis v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988). Defendant bears the burden of establishing that the transferee forum is more convenient. Pateet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989).

In deciding whether to transfer venue for the convenience of the parties, a court must consider the following factors[1]:

    1) The relative ease of access to sources of proof,
    2) The availability of compulsory process to secure the attendance of witnesses,
    3) The cost of obtaining the attendance of witnesses,

---

[1] In re: Volkswagen of America, Inc., 545 F.3d 304 (5th C. 2008).

> 4) Other practical problems that make trial of a case easy, expeditious and inexpensive,
> 5) Administrative difficulties flowing from court congestion,
> 6) Local interest in having localized issues decided at home,
> 7) Familiarity of the forum with the law that will govern the case, and
> 8) Avoidance of conflicts of laws.                              .

Considering all of these factors which apply, the court is convinced that the interests of justice and convenience of the parties and witnesses do not require transfer. Defendant has failed in its burden to show that a California court is more convenient or that the interests of justice require transfer.

First, plaintiff's choice of venue should be given some weight. As plaintiff points out, plaintiff is a Louisiana corporation with its principal place of business here and the bases for this cause of action is litigation in Louisiana's courts and before the office of Workers Compensation. Although defendant suggests that its services were provided in California , those services were to determine the applicable reimbursement amounts under Louisiana workers compensation law. Louisiana law will be applied and is more familiar to Louisiana judges. While it is true that California law applies under the contract's provisions, the claim is that Louisiana law was not followed in making the reimbursements. Therefore, the interpretation of Louisiana law will be the heart of the case. While defendant suggests that depositions will have to be taken of California residents, plaintiff suggests that few depositions will be necessary. Most of the documentation needed in the case is located in Louisiana, not California. Finally, Louisiana's interest in the resolution of this case outweighs that of California because it is Louisiana which has an interest in seeing that its workers compensation laws are complied with.

For the foregoing reasons, IT IS RECOMMENDED that motion, doc. #5, be denied.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties

have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 24th day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE