RECEIVED
JAN 1 1 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HAMMERMAN & GAINER, INC. | CIVIL ACTION NO. 09-01852 |
| -vs- | JUDGE DRELL |
| INTERMED COST CONTAINMENT SERVICES, INC. | MAGISTRATE JUDGE KIRK |

## ORDER OF TRANSFER

Plaintiff, Hammerman & Gainer, Inc. ("H&G"), a third-party administrator of worker's compensation claims, alleges it entered into a subcontract with Defendant, Intermed Cost Containment Services, Inc. ("Intermed"), to review medical bills and recommend the proper amount to be paid to healthcare providers under Louisiana law. Several companies have filed claims against H&G contending the medical bills reviewed by Intermed were not properly paid. H&G seeks damages as well as a declaration that Intermed is obligated under its contract to indemnify and defend H&G regarding those claims.

Prior to the filing of the instant case, H&G filed a similar suit titled "Hammerman & Gainer, Inc. v. Stratacare, Inc.," bearing Civil Action Number 09-1786 on the docket of the Shreveport Division of this Court. In that matter, H&G asserts almost identical claims against Stratacare, Inc. ("Stratacare"), with whom Plaintiff had also contracted to review medical bills from worker's compensation claims and recommend proper reimbursement amounts in accordance with Louisiana law.

Motions filed in both cases show H&G has asserted the same or similar claims against both Intermed and Stratacare in another suit filed in the 27th Judicial District Court, St. Landry Parish, Louisiana.

The jurisprudence shows the Fifth Circuit generally adheres to "[t]he so-called 'first to file rule,'" which is based on a concept explained in Sutter Corp. v. P & P Industries, Inc., 125 F.3d 914, 917 (5th Cir. 1997) as follows:

> The federal courts long have recognized that the principle of comity requires federal district courts . . . to exercise care to avoid interference with each other's affairs. . . . The concern manifestly is to avoid the waste of duplication . . . and to avoid piecemeal resolution of issues that call for a uniform result.

The court further stated,

> [T]he court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. Therefore, the "first to file rule" not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or . . . consolidated.

Sutter Corp., 125 F.3d at 920 (citations omitted).

Thus, once it is found that the issues in a subsequently-filed action might substantially overlap with the issues in the first-filed suit, the second court should transfer its case. Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999).

As outlined above, H&G's suits in this Division and in the Shreveport Division are clearly related and seek similar relief. Judicial economy, fairness, and comity, all dictate that these issues should only be litigated once. Under these circumstances, this Court, as the second venue, should and will defer to the Division in which the claims were first filed.

Accordingly,

IT IS ORDERED that this suit is hereby TRANSFERRED to the Shreveport Division.

IT IS FURTHER ORDERED that all deadlines and hearing dates are hereby UPSET, to be refixed by the Shreveport Division.

SIGNED on this 11 day of January, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

3